**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MOBILE TRANSFORMATION LLC,** | |
| **Plaintiff,** | **1:13-cv-03598-WHP** |
| **v.** | |
| **SPOTIFY USA INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**DEFENDANT SPOTIFY USA INC.'S ANSWER, AFFIRMATIVE**
**DEFENSES AND COUNTERCLAIMS TO PLAINTIFF**
**MOBILE TRANSFORMATION LLC'S COMPLAINT**

Defendant Spotify USA Inc. ("Spotify"), by its undersigned counsel, hereby files its

Answer, Affirmative Defenses, and Counterclaims to the Original Complaint of Plaintiff Mobile

Transformation LLC ("Plaintiff" or "Mobile Transformation"), denying all allegations of the

Complaint, unless specifically admitted.

**ANSWER**

**PARTIES**

1.      Spotify lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in Paragraph 1 of the Complaint, and therefore denies

same.

2.      Spotify admits the allegations of Paragraph 2 of the Complaint.

## NATURE OF THE ACTION

3.      Spotify admits that Plaintiff purports to bring this action under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, as a claim for patent infringement of United States Patent No. 6,351,736 (the "'736 patent").  Spotify denies that it has infringed or is now infringing the '736 patent and denies that Plaintiff is entitled to any relief, monetary or otherwise.

## JURISDICTION AND VENUE

4.      Spotify admits that subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      For the purposes of this lawsuit only, Spotify admits that this Court has personal jurisdiction over it.

6.      Spotify admits that its website is accessible in the State of New York and that it has customers that reside in the State of New York.  Spotify denies the remaining allegations of Paragraph 6 of the Complaint, including that it has committed patent infringement in the State of New York.

7.      For the purposes of this lawsuit only, Spotify does not contest that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

8.       Spotify incorporates by reference its responses to Paragraphs 1-7 of the Complaint as though fully set forth herein.

9.      Spotify admits that the face of the '736 patent indicates that it was issued on February 26, 2002, and is titled "System and Method for Displaying Advertisements with Played Data."  Spotify denies the remaining allegations of Paragraph 9 of the Complaint, including that

the '736 patent was legally issued and that a true and correct copy of the '736 patent was attached to the Complaint as Exhibit A.

10.     Spotify lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint, and therefore denies same.

## COUNT I – PATENT INFRINGEMENT

11.     Spotify incorporates by reference its responses to Paragraphs 1-10 of the Complaint as though fully set forth herein.

12.     Spotify denies the allegations of Paragraph 12 of the Complaint.

13.     Spotify denies the allegations of Paragraph 13 of the Complaint.

14.     Spotify admits that it was served a copy of the Complaint.  Spotify denies the remaining allegations of Paragraph 14 of the Complaint.

15.     Spotify denies the allegations of Paragraph 15 of the Complaint.

16.     Spotify denies the allegations of Paragraph 16 of the Complaint.

17.     Spotify denies the allegations of Paragraph 17 of the Complaint.

## PRAYER FOR RELIEF

Spotify denies that Plaintiff is entitled to any relief, including the relief requested in Plaintiff's Prayer for Relief.

## JURY DEMAND

Spotify admits that Plaintiff has requested a trial by jury.

## AFFIRMATIVE DEFENSES

Spotify asserts the following affirmative defenses against Plaintiff's claims in the

Complaint, undertaking to prove only those defenses on which it bears the burden of proof under

applicable law:

### FIRST AFFIRMATIVE DEFENSE
#### (Non-Infringement)

Spotify has not engaged in any acts that would constitute infringement of any valid and

enforceable claim of the '736 patent, either literally or by application of the doctrine of

equivalents.

### SECOND AFFIRMATIVE DEFENSE
#### (Invalidity Under 35 U.S.C. § 102)

The claims of the '736 patent are invalid as anticipated under 35 U.S.C. § 102.

### THIRD AFFIRMATIVE DEFENSE
#### (Invalidity Under 35 U.S.C. § 103)

The claims of the '736 patent are invalid as obvious under 35 U.S.C. § 103.

### FOURTH AFFIRMATIVE DEFENSE
#### (Invalidity Under 35 U.S.C. § 112)

The claims of the '736 patent are invalid for indefiniteness, lack of written description

and enablement under 35 U.S.C. § 112.

### FIFTH AFFIRMATIVE DEFENSE
#### (Prosecution History Estoppel)

The actions taken and representations made before the United States Patent and

Trademark Office in procuring the '736 patent preclude Plaintiff from asserting or construing the

claims of the '736 patent in a way that would cover or read upon any product or service made,

used, sold, offered for sale, or imported into the United States by or for Spotify.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

Upon information and belief, Plaintiff, any former or current assignee, and any former or current licensee have failed to comply with the patent marking and notice requirements of 35 U.S.C. § 287 with respect to the '736 patent, which limits Plaintiff's recovery of damages, if any, for alleged infringement of the '736 patent.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack Of Standing)

Plaintiff's claims should be dismissed because it lacks standing to sue for infringement of the '736 patent.

## EIGHTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Plaintiff's available remedies are limited or barred by 35 U.S.C. § 286.

## RESERVATION OF RIGHT TO AMEND UNDER RULE 8(c)

Spotify reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on the discovery and further factual investigation in this case.

## COUNTERCLAIMS

Spotify, through its attorneys, issues the following counterclaims against Plaintiff, and alleges upon information and belief as to acts of others as follows:

## PARTIES

1.      Spotify is a Delaware corporation with a principal place of business located at 76 9th Avenue, Suite 1110, 11th Floor, New York, New York 10011.

2.      The Complaint alleges that Plaintiff is a Delaware limited liability company.

## JURISDICTION

3.      This is an action arising under the Patent Laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, Title 28 of the United States Code, for a Declaratory Judgment of non-infringement and invalidity of the '736 patent.

4.      In its Complaint, Plaintiff avers that it is the exclusive licensee of the '736 patent and possesses all rights to recovery under the '736 patent.

5.      Plaintiff has charged Spotify with infringement of the '736 patent in this Court. Spotify has denied the charges of infringement and has alleged that, *inter alia*, the '736 patent is invalid.  As a consequence of the foregoing, there is an actual and justiciable controversy existing between Spotify and Plaintiff with respect to which Spotify requires declaration by this Court.

6.      This Court has subject matter jurisdiction over the action based on 28 U.S.C. §§ 1331, 1337, 1338 and 1367, and 28 U.S.C. §§ 2201 and 2202.

7.      This Court has personal jurisdiction over Plaintiff in that, *inter alia*, Plaintiff voluntarily filed in this Court the Complaint to which these Counterclaims are directed.

8.      To the extent that this action remains in this District, venue is appropriate for Spotify's Counterclaims because Plaintiff has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

9.      Spotify incorporates the averments of Paragraphs 1-8 of these Counterclaims as though fully set forth herein.

10.     Spotify does not infringe, and has not infringed, directly or indirectly, any valid claim of the '736 patent, either literally or by application of the doctrine of equivalents.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

11.     Spotify incorporates the averments of Paragraphs 1-8 of these Counterclaims as though fully set forth herein.

12.     The claims of the '736 patent are invalid for failure to comply with the conditions and requirements of the patent laws, specifically 35 U.S.C. §§ 101, 102, 103, and 112, and the rules and regulations and laws pertaining thereto.

## JURY DEMAND

Spotify demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Spotify prays for judgment against Plaintiff as follows:

A.      That the Court dismiss all claims against Spotify with prejudice and that Plaintiff takes nothing by way of the Complaint;

B.      That the Court issue a declaratory judgment that Spotify does not infringe and has not infringed, literally or by application of the doctrine of equivalents, any valid and enforceable claim of the '736 patent;

C.      That the Court issue a declaratory judgment that the '736 patent is invalid and without any force or effect;

D.      That the Court enjoin Plaintiff, its officers, directors, agents, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from alleging, asserting, or stating that Spotify or its customers have infringed or are infringing the '736 patent or have used or are using any alleged invention claimed therein, or that the '736 patent is valid or enforceable;

E.      That the Court find that this case is exceptional, and require Plaintiff to pay Spotify's attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

F.      That the Court award Spotify such other relief as the Court may deem appropriate and just under the circumstances.


**RESPECTFULLY SUBMITTED** on this 26th day of July, 2013.

By:     /s/ Michael J. Zinna
        Michael J. Zinna (MZ 3009)
        Patrick R. Colsher (PC 3361)
        **WARD & ZINNA, LLC**
        380 Madison Avenue
        New York, New York 10017
        Telephone: (212) 697-6262
        Facsimile: (212) 972-5866
        E-mail: mzinna@wardzinna.com
        E-mail: pcolsher@wardzinna.com

        *Attorneys for Defendant Spotify USA Inc.*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2013, I electronically filed the foregoing with the Clerk of the Court for the Southern District of New York using the ECF System which sends notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

By:     /s/ Michael J. Zinna
        Michael J. Zinna